FILED
2016 Mar-22  PM 03:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| LEE ANN JACKSON ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  2:14-cv-01220-JEO |
| | ) |
| THE BOARD OF TRUSTEES  OF THE | ) |
| UNIVERSITY OF ALABAMA, THE | ) |
| UNIVERSITY OF ALABAMA HEALTH | ) |
| SERVICES FOUNDATION, PC, and | ) |
| GORDON WRIGHT BATES, M.D., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This cause is before the court on the motion to dismiss filed by the University of Alabama Health Services Foundation P.C. ("UAHSF") and the motion to dismiss or, in the alternative, for summary judgment filed by the Board of Trustees of the University of Alabama ("the Board") on August 5, 2014.  (Docs. 10 & 12).[1]  Plaintiff did not file any response to the motions after being given 20 days to respond.  (Doc. 13).  Both motions are supported by evidence outside of the pleadings; accordingly, both are considered to be motions for summary judgment filed pursuant to Federal

---

[1]For the convenience of the parties and the court, the undersigned's references herein are to the electronic numbers, including page numbers, assigned by the Clerk of the Court that are located at the top of each document.

Rule of Civil Procedure 56.  By order dated November 19, 2014, the court informed the parties that the motions would be converted to motions for summary judgment, and the plaintiff was given an additional 21 days in which to file any briefs, evidence, or response to the motions.  (Doc. 14).  On December 10, 2014, plaintiff filed a brief in opposition, and requested oral argument.  (Doc. 18).  A hearing was held on the motions on January 20, 2015, before United States Magistrate Judge T. Michael Putnam.  Plaintiff did not present any evidence with her brief or at the hearing.

On February 10, 2015, defendant Gordon Wright Bates, M.D. ("Bates"), filed a motion to dismiss counts three through seven of Plaintiff's complaint.  (Doc. 21).  Plaintiff filed a response to Bates's motion to dismiss on March 17, 2015.  (Doc. 24).

Thereafter Judge Putnam recused in the case and it was reassigned to the undersigned magistrate judge.  (Docs. 25 &26).  The parties have not consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c); accordingly, the court enters this report and recommendation.

## I.  SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting former Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  Celotex, 477 U.S. at 322-23.  There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." Id. at 323.

Once the moving party has met his burden, Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting former Fed. R. Civ. P. 56(e)).  The nonmoving party need not present evidence in a form necessary for admission at trial; however, he

may not merely rest on his pleadings.  <u>Celotex</u>, 477 U.S. at 324.  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  <u>Id</u>. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The substantive law will identify which facts are material and which are irrelevant.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Id</u>. at 248.  "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  <u>Id</u>. at 249.  His guide is the same standard necessary to direct a verdict:  "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  <u>Id</u>. at 251-52; <u>see also</u> <u>Bill Johnson's Restaurants, Inc. v. N.L.R.B.</u>, 461 U.S. 731, 745 n.11,

103 S. Ct. 2161, 76 L. Ed. 2d 277 (1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. Brown v. City of Clewiston, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

The failure to respond to a motion for summary judgment is not enough, in itself, to justify granting summary judgment. Indeed, Rule 56(a)

instructs that the court shall grant summary judgment only "*if the movant shows* that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). Thus, a court "may neither grant nor deny summary judgment by default." James Wm. Moore, et al., <u>Moore's Federal Practice</u>, § 56.99[b] (3d ed. 1997). As noted by the Advisory Committee, "summary judgment cannot be granted by default *even if there is a complete failure to respond to the motion*, much less when an attempted response fails to comply with Rule 56(c) requirements." Fed. R. Civ. P. 56 advisory committee's note (emphasis added). Because "the district court cannot base the entry of summary judgment on the mere fact that it is unopposed, it must consider the merits of the motion." <u>United States v. one Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla</u>., 363 F.3d 1099, 1101-02 (11th Cir. 2004). Utilizing these standards, the court undertakes the analysis of whether the defendant has shown that it is entitled to judgment as a matter of law.

## II.  FACTS

Applying the above-referenced standards to the evidence in the record, the following facts are undisputed, or, if disputed, are viewed in the light most favorable to the non-moving plaintiff. Only the facts relevant to the instant motions on the federal claim are discussed here. Allegations relating

to the state law claims concerning individual defendant Bates[2] have no bearing on the resolution of the pending motions.

Plaintiff was employed at all times relevant to this action as a registered nurse, working in the Reproductive Endocrinology and Infertility ("REI") Department at the Kirklin Clinic in Birmingham, Alabama. In her complaint, she names as her employers both the Board and UAHSF. She alleges that the Board and UAHSF interfered with her rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2615(a). (Doc. 1, Count One). She further alleges that her employer retaliated against her because she took leave under the FMLA by, "among other things," constructively discharging her. (Doc. 1, Count Two).

---

[2]   Defendant Bates was named in the original complaint, filed June 26, 2014, but was never served. On November 19, 2014, the court entered an order directing the plaintiff to show cause, within 14 days, why Bates should not be dismissed for want of prosecution. The plaintiff filed a response (doc. 16), which the court deemed a motion for extension of time to serve Bates. The court granted the motion on December 4, 2014, giving plaintiff 30 days in which to complete service, and warning plaintiff that no further extension would be granted. (Doc. 17). More than 30 days elapsed, and the plaintiff failed to serve Bates. At oral argument January 20, 2015, almost seven months after the complaint was filed, the court informed plaintiff's counsel that the record did not reflect any service upon Bates. Counsel represented to the court that Bates had been served through his attorney. (Doc. 24 . p. 3). On January 26, plaintiff's counsel hand delivered a letter to Judge Putnam's chambers, noting that Bates had not been served, but that Bates' attorney had indicated that he would accept service and that service "has now been effectuated" by plaintiff having sent a copy of the summons and complaint to the attorney on January 21, 2015, and having received an email reply dated January 22, 2015. (Doc. 21-2, p. 1). On February 10, 2015, Bates moved to dismiss counts three through seven of the complaint which assert individual state law claims against him. (Doc. 21). In view of the recommended disposition of the motions dealing with the federal claims and the recommendation that the court decline exercise of supplemental jurisdiction, Bates's motion to dismiss (doc. 21) is moot.

Defendant UAHSF provided evidence to demonstrate that Allen applied for  medical leave pursuant to the FMLA in order to take care of her father, seeking leave from October 6, 2010, until October 18, 2010, (doc. 10-1), which was approved.  (Doc. 10-2).  On October 17, 2012, Allen applied for intermittent leave to care for her father, with a start date requested for October 1, 2012.  (Doc. 10-3)  On October 19, 2012, the request for intermittent leave was approved, with the notation that Allen would need to take her father to therapy two to three times a week for six to eight weeks. (Doc. 10-4).   On January 16, 2013, a memorandum was sent via certified and regular U.S. mail to Allen from Jennifer Kelley, the director of Women's Reproductive Health for the UAHSF's Kirklin Clinic.  (Doc. 10-5).  The memo stated:

> An extension beyond your eligible twelve week Leave of Absence has been granted to you until Friday, February 1, 2013. Your expected return to work date is Monday, February 4, 2013.
>
> Please be advised that you must be back at work for the length of time you were on leave before being eligible for time off from work.  Therefore, your previous vacation time off requests have been voided until May 14.
>
> Additionally, I am requesting you to meet with myself and a Human Resources representative at 8am on Monday, February 4th to discuss your performance, address you recent performance action plan concerns and to conduct your annual performance evaluation.  The meeting location will be 10th floor Women &

> Infants Center Building, Obstetrics and Gynecology Administration, Room 10360.
>
> If you have any questions, I am available to discuss them with you.

(Doc. 10-5). On January 21, 2013, Allen responded with a memorandum addressed to Bates, Janet F. McLaren, and Kelley, which stated: "This is to inform you that I am tendering my resignation immediately. I prefer to work directly with Human Resources to formalize this process." (Doc. 10-6). In her response to the motion, plaintiff states that she "does not dispute any of the facts set forth in Defendant University of Alabama Health Services Foundation P.C.'s Motion to Dismiss … or the veracity of the documents presented as Exhibits … ." (Doc. 18, p. 2). These are the only facts, supported by any evidence, that may be considered by the court at the summary judgment stage.[3]

---

[3] Although the plaintiff argues that she "experienced a barrage of inappropriate, hostile, sexually inappropriate harassing conduct from Defendant Bates," was in constant fear of losing her job, and was ordered to complete tasks that would have been impossible to complete without interfering with her approved leave time, these are merely allegations in the complaint and arguments in her brief, and are not supported by any evidence, as is specifically required by Rule 56. See Celotex, 477 U.S. at 322-23. Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting former Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he *may not merely rest on his pleadings*. Celotex, 477 U.S. at 324 (emphasis added). Nevertheless, resting on the pleadings is exactly what plaintiff's counsel has chosen to do, stating that because "this litigation is in the early stages and neither party has had the benefit of discovery, those facts and the allegations set forth in Plaintiff's Complaint (Doc. 1) are the only "facts" which exist." (Doc. 18, p.

# III.  DISCUSSION

## A.  The Board's Motion

Plaintiff alleges that the Board and UAHSF improperly interfered with her rights under the FMLA, and retaliated against her for taking leave, which resulted in her "constructive discharge."  The Board's motion for summary judgment seeks summary dismissal of plaintiff's claims against it on the basis that the only proper defendant to an FMLA claim is the employer.  The Board has provided the affidavit of the executive director of Human Resources for the University of Alabama at Birmingham, which is a division of the Board.  The affiant has asserted that she has examined the records and has determined that plaintiff was not an employee of UAB, the UAB Hospital, or the Board during the period of employment made the subject of the complaint.  (Doc. 12, Ex. A).  The Board also has provided the affidavit of an official in human resources at UAHSF  whose testimony demonstrates that UAHSF was the employer of the plaintiff at the relevant times, and that plaintiff sought and received FMLA leave while employed at UAHSF.  (Doc. 12, Ex. B).  The plaintiff has not disputed the affidavits.

---

2).  When asked by the court at oral argument whether there was any motion before this court that might seek discovery before adjudicating the motion, plaintiff's counsel answered in the negative and did not then nor has he since made any effort to file such a motion or to otherwise seek leave to amend the response to add any evidence.

While the FMLA defines "employer" broadly to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer,"[4] there are no allegations in the complaint that suggest that the plaintiff is asserting that the Board acted in that fashion. Her complaint simply fails to distinguish between the UAHSF and the University of Alabama at Birmingham. In light of the affidavits offered in support of the motion, the evidence is undisputed that Ms. Allen was an employee of UAHSF, and not of the Board, and that her FMLA leave at issue here was granted by UAHSF. The Board had no connection with her employment, her leave, or the alleged "constructive discharge." At oral argument, the plaintiff conceded that the Board was named due to confusion over which entity was her employer. Accordingly, there is no material fact in issue regarding the claims asserted against the Board, and the Board is entitled to judgment in its favor as a matter of law.

### B. UAHSF's Motion

UAHSF seeks dismissal of the plaintiff's claims that UAHSF improperly interfered with her FLMA rights (Count One) and that UAHSF discharged her in retaliation for her use of the FMLA (Count Two). The FMLA gives an employee the right to up to 12 weeks of unpaid leave for,

---

[4]     29 U.S.C. § 2611(4)(A)(ii)(I).

among other things, providing care for a parent who has a serious health condition.  29 U.S.C. § 2612(a)(1).  There are two types of claims that arise under the FMLA:  (1) interference claims, where an employer denies or limits the employee's right to such leave, and (2) retaliation claims, where an employer retaliates against an employee who requests or takes such leave. See Penaloza v. Target Corp., 549 F. App'x 844, 847 (11th Cir. 2013).

### 1. Interference

UAHSF seeks dismissal of the interference charge by asserting that plaintiff "does not provide specific facts supporting her claim."  (Doc. 10, p. 6).  To state a claim for interference with FMLA leave, a plaintiff must demonstrate that she was entitled to a benefit under the FMLA, which was denied.  Drago v. Jenne, 453 F.3d 1301, 1306 (11th Cir. 2006); 29 U.S.C. § 2615(a)(1) (prohibiting any employer from "interfer[ing] with, restrain[ing] or deny[ing] the exercise of or the attempt to exercise, any right provided under" the FMLA).  Refusing to authorize FMLA leave is not the only way in which an employer can interfere with an employee's rights under the Act. "Discouraging an employee from using such leave" also is prohibited.  29 C.F.R. § 825.220(b).  The Eleventh Circuit Court of Appeals has determined that an employer's denial of FMLA leave can take the form of requiring an

employee to work from home when the employee is on FMLA leave.  See Evans v. Books-A-Million, 762 F.3d 1288, 1295 (11th Cir. 2014).

Plaintiff alleges that, after telling plaintiff she could take leave for the week beginning on September 30, 2012, to care for her ill father, she was ordered to return to work for a meeting on October 5, 2012.  (Complaint, Doc. 1, ¶¶ 108-09).  She further asserts that she was given a deadline of October 30, 2012 – which fell during her FMLA leave time – to complete tasks required at work.  (Doc. 1, ¶ 116).  She asserts that she offered to do the work from home, but was told that she would not be paid to work from home.  Id.  Thus, even though plaintiff has conceded that her request for FMLA leave was granted, she has set forth allegations that state a claim that UAHSF interfered with her use of the leave time by requiring her to work, or by discouraging her from taking the time as leave.  These allegations are sufficient to withstand a motion to dismiss; however, because the motion is a motion for summary judgment, and not a mere examination of the complaint under Rule 12(b)(6) in light of Twomby[5] or Iqbal[6], the plaintiff may not rest upon the allegations of her complaint, but must provide some evidence that creates a genuine issue of material fact.  As the defendant points out in its

---

[5] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct 1955, 167 L. Ed. 2d 929 (2007).

[6] Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

reply, the nonmovant must "go beyond the pleadings."  (Doc. 20, p. 2 (citing Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593 (11th Cir. 1995)).

In this case, the defendant has offered evidence that plaintiff sought and received the FMLA leave that she requested.  (Doc. 10-1 - 10-5).  Thus, the defendant has offered evidence that shows the absence of a genuine issue of material fact as to whether there was any interference with plaintiff's FMLA leave.   Plaintiff has failed to respond with *any* evidence that contradicts defendant's argument and evidence that she was given the leave she sought.   Rule 56 mandates the entry of summary judgment against a nonmoving party who fails to go beyond the pleadings and, by her own affidavits or other evidence, set forth specific facts to show that there exists a genuine issue for trial.  Celotex, 477 U.S. at 326.  A nonmovant may not rest on the allegations in the pleadings, but must bring forward evidence.  Fed. R. Civ. P. 56(e).

It is true that in an instance like this, where a motion for summary judgment is filed before discovery has commenced,[7] the nonmovant may not have had the opportunity to obtain the evidence needed to respond to a properly filed and supported motion.  Rule 56(d) provides a remedy for the

---

[7]    A practice which is entirely proper under Rule 56(b), which provides that a motion for summary judgment may be filed at any time until 30 days after the close of all discovery.

nonmovant, allowing the nonmovant to file a motion that shows "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  Upon the filing of such motion, the court may defer consideration of the motion, deny it, or provide time for the nonmovant to take discovery.  Such a motion may not contain mere assertions that discovery is needed, but must demonstrate the "specific reasons" that discovery, or time to obtain evidence such as an affidavit, may rebut the movant's showing that there is an absence of a genuine issue of fact.  Rule 56(d).

It is not the duty of the court to step in and instruct counsel to conduct discovery or to seek additional evidence.  In fact, the Eleventh Circuit Court of Appeals has noted:  "Courts cannot read minds, thus it is only proper that 'the party opposing the motion for summary judgment bears the burden of calling to the district court's attention'" the need for any discovery. Reflectone, Inc., v. Farrand Optical Co., Inc., 862 F.2d 841, 844 (11th Cir. 1989) (quoting Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 859 F.2d 865, 871 (11th Cir. 1988)(construing the earlier version of Rule 56(d), which was then Rule 56(f))).  At oral argument, Judge Putnam not only asked counsel what evidence it had to rebut the motion, but asked counsel if there was before the court any motion that might be useful in allowing the

plaintiff to obtain evidence to rebut the motion. Counsel did not seek, even informally or by oral motion, to defer ruling or to allow time to obtain evidence.

The court is left with a properly supported motion for summary judgment, and an absence of any showing that there exists a genuine issue of material fact that would preclude entry of judgment in defendant's favor. Accordingly, the motion for summary judgment on plaintiff's interference claim set forth in Count One is due to be granted.

### 2. Retaliation

To establish a claim for retaliation under the FMLA, a plaintiff must meet essentially the same elements of any Title VII retaliation claim. Krutzig v. Pulte Home Corp., 602 F.3d 1231, 1234-35 (11th Cir. 2010). She must demonstrate that the employer took an adverse employment action against her, which was motivated by a retaliatory animus and which was causally connected to her use of the FMLA. Penaloza, 549 F. App'x at 847.

In this case, Plaintiff refers to her "termination" as the adverse employment action that was taken in retaliation for her use of the FMLA leave. However, Plaintiff makes clear in her complaint that she was not terminated. She alleges that she received a letter from her supervisor requesting that, on her first day back to work after FMLA leave, she meet

with a human resources representative about her performance and her annual performance evaluation.   (Doc. 1, ¶ 124).   She further asserts that she "turned in her resignation letter on January 22, 2013," in anticipation of a meeting set for February 4, 2013, at which she feared she would be fired. (Doc. 1, ¶ 129).  Although plaintiff asserts in the retaliation count that she was "constructively discharged," her allegations are merely that she feared being fired and having her reputation and career damaged.[8]   The only evidence before the court are two documents: the letter from a supervisor setting a meeting, and the letter from the plaintiff voluntarily resigning. (Docs. 10-5, 10-6).

The requirements for showing a constructive discharge are much different under Eleventh Circuit law than the circumstances described by plaintiff.  An employee alleging constructive discharge must show that her working conditions were so "intolerable that a reasonable person" would have felt "forced into involuntary resignation."   Bourque v. Powell Elec.

---

[8]      The complaint alleges that "Ms. Allen *knew* that Defendants were going to terminate her at the meeting set for February 4, 2013."  (Doc. 1, ¶ 125 (italics added)).  In spite of the choice of the word "knew," Ms. Allen has not alleged any facts that indicate she had any information about what the meeting might entail, other than the information given in the letter to her from her supervisor.  That letter did not indicate, and cannot be fairly read, as supporting a conclusion that UAHSF was going to terminate her. Accordingly, her unsupported conclusion is not a factual allegation that will withstand the defendant's motion for dismissal under Rule 12(b)(6).  Moreover, in light of the conversion of the pending motion to a motion for summary judgment, there is no evidence in the record to support any claim of constructive discharge.

Mfg. Co., 617 F.2d 61, 65 (5th Cir. 1980)[9]; see also Thomas v. Dillard Dept. Stores, Inc., 116 F.3d 1432, 1433-34 (11th Cir. 1997); Mitchell v. Pope, 189 F. App'x 911, 915 (11th Cir. 2006). The appellate court has denied claims based on allegations of constructive discharge where the employee assumed that she would be fired, noting that "part of an employee's obligation to be reasonable is an obligation not to assume the worst and not to jump to conclusions too fast." Foshee v. Ascension Health-IS, Inc., 384 F. App'x 890, 892 (11th Cir. 2010), quoting Garner v. Wal-Mart Stores, Inc., 807 F.2d 1536, 1539 (11th Cir. 1987).

In this case, plaintiff has failed to allege sufficient facts to support a claim that she suffered illegal retaliation for her use of leave under the FMLA. While the complaint contains allegations that she had been subjected to some unpleasant and sexually-charged situations with one of her bosses, she does not allege that it was his alleged harassment that caused her to resign. Even if she did allege that her interactions with the male supervisor caused her to resign, the harassment she alleges does not rise to the level that would constitute a working environment so hostile and intolerable that it would support a claim of constructive discharge. See

---

[9] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Pennsylvania State Police v. Suders, 542 U.S. 129, 153, 124 S. Ct. 2342, 159 L. Ed. 2d 204 (2004) (holding that a constructive discharge claim requires a showing that the working conditions are "so intolerable that a reasonable person would have felt compelled to resign."); Rowell v. BellSouth Corp., 433 F.3d 784, 806 (11th Cir. 2005) (holding that the "fact that one of the possible outcomes" was the loss of the job is not sufficient to establish the intolerable conditions necessary for a finding that the employee was constructively discharged.)[10]

For these reasons, the complaint is not sufficient to withstand even a motion filed pursuant to Rule 12(b)(6).  In light of the instant motion's conversion to summary judgment, it is even less possible for the plaintiff's retaliation claim to survive.  The defendant has provided evidence – not mere argument – that the plaintiff voluntarily resigned.  (Doc. 10-6).  The plaintiff, again, has offered no evidence that would rebut the defendant's showing.

Plaintiff has failed to allege facts or provide evidence that supports her claim that she was subjected to retaliation from UAHSF for exercising her rights under the FMLA.  The only adverse employment action she alleges is termination or "constructive termination," and she has offered no support for

---

[10]     Plaintiff has not set forth any claims under Title VII.

this legal conclusion set forth only in the pleadings.  For these reasons, UAHSF is entitled to summary adjudication in its favor on the retaliation claim set forth as Count Two.

### 3.  State-Law Claims

Plaintiff also asserts that Bates committed an assault and a battery, invaded her privacy, intentionally inflicted emotional distress, and tortiously interfered with her employment, all in violation of Alabama law.  Because all federal claims in this case are due to be dismissed, the court finds that the remaining state-law claims also are due to be dismissed pursuant to 28 U.S.C. § 1367(c)(3).  Accordingly, the court declines to exercise jurisdiction over any state-law claim -- to the extent that Bates can even be considered a party at this time -- and the plaintiff may reassert those claims in state court. For this reason, Counts Three, Four, Five, Six, and Seven also are due to be dismissed, but without prejudice.

### IV.  RECOMMENDATION

For all of the foregoing reasons, the magistrate judge **RECOMMENDS** that the motion for summary judgment filed by UAHSF (doc. 10) be **GRANTED**.  The magistrate judge further **RECOMMENDS** that the motion filed by the Board (doc. 12) be **GRANTED.**  Accordingly, the undersigned **RECOMMENDS** that all claims against the Board and

UAHSF are due to be **DISMISSED WITH PREJUDICE**; and all other claims are due to be **DISMISSED WITHOUT PREJUDICE**.

## V.  NOTICE OF RIGHT TO OBJECT

Any party who objects to this Report and Recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court.  **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.**  Failure to do so will bar any later challenge or review of the factual findings **or legal conclusions** of the magistrate judge except for plain error.  See 28 U.S.C. § 636(b)(1)(C)  In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendation made by the magistrate judge.  The district

judge, however, need conduct a hearing only in his or her discretion or if required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is **DIRECTED** to serve a copy of this report and recommendation upon counsel of record.

**DATED** this 22nd day of March, 2016.

**JOHN E. OTT**
Chief United States Magistrate Judge