IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LEE ANN JACKSON ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  2:14-cv-1220-MHH |
| ) | |
| THE BOARD OF TRUSTEES ) | |
| OF THE UNI. OF ALABAMA, et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

This case is before the Court for review of a report and recommendation. (Doc. 28).  In the report, pursuant to Rule 56 of the Federal Rules of Civil Procedure, Chief Magistrate Judge Ott recommended that the Court enter judgment in favor of defendants University of Alabama Health Services Foundation P.C. ("UAHSF") and the Board of Trustees of the University of Alabama on plaintiff Lee Ann Jackson Allen's FMLA claims.  Pursuant to 28 U.S.C. § 1367(c)(3), Judge Ott also recommended that the Court decline to exercise supplemental jurisdiction over Ms. Jackson's state law claims against Dr. Gordon Bates.  (Doc. 28).  No party has filed an objection to Judge Ott's recommendation.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  A

district court reviews legal conclusions in a report *de novo* and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).[1]

Having reviewed the complaint, the summary judgment materials in the record, and the report and recommendation, the Court adopts Judge Ott's recommendation that the Court enter judgment in favor of the Board and UAHSF on Ms. Allen's FMLA interference and retaliation claims. The uncontested evidence in the record demonstrates that the Board was not Ms. Allen's employer, and Ms. Allen has offered no evidence to refute the evidence that UAHSF presented which demonstrates that UAHSF neither denied Ms. Allen FMLA leave nor terminated her. Ms. Allen presented no evidence to substantiate her allegation of constructive discharge. The only evidence in the record regarding Ms. Allen's separation from UAHSF demonstrates that Ms. Allen resigned. (Doc. 10-6, p. 2).[2] As Judge Ott thoroughly explained in his report, Ms. Allen did not request leave to

---

[1] When a party objects to a report in which a magistrate judge recommends dismissal of the action, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §§ 636(b)(1)(B)-(C).

[2] In his report, Judge Ott acknowledged that Ms. Allen alleged in her complaint that Dr. Bates sexually harassed her. (Doc. 28, p. 9, n. 3). Ms. Allen offered no evidence to substantiate these allegations. Even if she had, these allegations would be relevant to a hostile work environment claim, not an FMLA retaliation claim. For that reason, the Court finds that even if Ms. Allen could present evidence to support her allegations against Dr. Bates, that evidence would not support her FMLA retaliation claim. (*See* Doc. 1, pp. 37-40).

conduct discovery to develop evidence that she might offer to oppose UAHSF's motion for summary judgment.

Therefore, on the record before it, the Court accepts Judge Ott's recommendation. The Court will enter judgment in favor of UAHSF and the Board on Ms. Allen's FMLA claims. The Court will dismiss those claims with prejudice. The Court also declines to exercise supplemental jurisdiction over Ms. Allen's state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), the Court will dismiss Ms. Allen's state law claims without prejudice. Pursuant to 28 U.S.C. § 1367(d), if she wishes, Ms. Allen may pursue her state law claims in state court if she acts in a timely fashion.[3]

**DONE** and **ORDERED** this July 31, 2016.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[3] The Court expresses no opinion concerning the statutes of limitations that govern Ms. Allen's state law claims.